UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

SHAKEEBA GLENN,                                              Docket No.:

                                        Plaintiff,          **13-CV-6875 (NG)(MDG)**

                        -against-

THE CITY OF NEW YORK, Police Officer
STEVEN FRANZEL (Shield #26765), both              **AMENDED COMPLAINT**
individually and in his official capacity as a Police
Officer, Police Officer RAUL PEREZ (Shield #2957),
both individually and in his official capacity as a
Police Officer, Sergeant CHRISTOPHER MULLER
(Tax #925795), both individually and in his official
capacity as a Police Officer, Sergeant JOSEPH
VERDERBER (Tax #939652), both individually and
in his official capacity as a Police Officer, Police
Officer SONY JOSEPH, both individually and in his
official capacity as a Police Officer, Police Officer
VANESSA DEDANZINE, both individually and in her
official capacity as a Police Officer, Police Officer WILLIAM
GRONEMAN, both individually and in his official capacity
as a Police Officer, and Police Officers "JOHN DOES"         **PLAINTIFF DEMANDS**
and "JANE DOES" said names being fictitious and              **A TRIAL BYJURY**
presently unknown persons believed to be Police
Officers and personnel of the New York City
Police Department,

                                        Defendants.
---------------------------------------------------------------------------X

Plaintiff, by and through her attorneys, **SCHLEMMER & MANIATIS, LLP,**

complaining of the defendants herein, alleges upon information and belief as follows:

### JURISDICTIONAL STATEMENT

1.      That Jurisdiction is founded upon the existence of a Federal Question.

2.      That this is an action to redress the deprivation under color of statute,

ordinance, regulation, custom or usage of a right, privilege and immunity secured to the

plaintiff by the First, Fourth and Fourteenth Amendments to the United States

Constitution (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3) and (4). Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate Pendant State Law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b).

5.      This action is authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America.

6.      The matter in controversy, exclusive of interest and costs exceeds the sum of $150,000.00.

7.      The plaintiff is a citizen of the United States of America and resides in County of Kings, within the City and State of New York.

8.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and doing business in the State of New York.

9.      Defendant Police Officer STEVEN FRANZEL (SHIELD #26765) is a resident of the State of New York and at all times was an employee of defendant THE CITY OF NEW YORK.

10.      Defendant Police Officer RAUL PEREZ (Shield #2957) is a resident of the State of New York and at all times was an employee of defendant THE CITY OF NEW YORK.

11. Defendant Police Officer CHRISTOPHER MULLER (Tax #925795) is a resident of the State of New York and at all times was an employee of defendant THE CITY OF NEW YORK.

12. Defendant Police Officer JOSEPH VERDERBER (Tax #939652) is a resident of the State of New York and at all times was an employee of defendant THE CITY OF NEW YORK.

13. Defendant Police Officer SONY JOSEPH is a resident of the State of New York and at all times was an employee of defendant THE CITY OF NEW YORK.

14. Defendant Police Officer VANESSA DEDANZINE is a resident of the State of New York and at all times was an employee of defendant THE CITY OF NEW YORK.

15. Defendant Sergeant WILLIAM GRONEMAN is a resident of the State of New York and at all times was an employee of defendant THE CITY OF NEW YORK.

16. Prior to the commencement of this action, and on September 8, 2012, plaintiff duly filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth the nature of the claim; the time when, place where, and manner in which the claim arose; and the items of injury and damages.

17. Said Notice of Claim was presented within ninety (90) days after the causes of action herein accrued.

18. More than thirty (30) days have elapsed since such presentation of said Notice of Claim and defendant CITY OF NEW YORK has not adjusted the same and has failed and neglected to make any payment of such claims and causes of action.

19. This action was commenced within one year and ninety days of the September 8, 2012 incident that gave rise to plaintiff's claims.

20.     The plaintiff has complied with all conditions and requirements precedent to the commencement of this action.

21.     By reason of the foregoing, this Court has jurisdiction over this matter.

## AS AND FOR A FIRST CAUSE OF ACTION
### (WRONGFUL ARREST AND IMPRISONMENT)

22.     Plaintiff, SHAKEEBA GLENN, repeats, reiterates, and realleges each and every preceding paragraph of this Complaint as though each paragraph were set forth fully and separately herein.

23.     On September 8, 2012, plaintiff SHAKEEBA GLENN was lawfully present in a motor vehicle parked adjacent to a sidewalk on a public thoroughfare in the County of Kings, City and State of New York.

24.     On September 8, 2012, three of the defendants, officers of the New York Police Department (NYPD)'s 73rd Precinct, approached plaintiff, who was lawfully sitting in a motor vehicle, after defendants recognized her as the plaintiff in an existing lawsuit against other members of the NYPD's 73rd Precinct, which was pending in the United States District Court for the Eastern District of New York, docket number 11-CV-3649 alleging that members of the 73rd Precinct had tasered the plaintiff in the abdomen while she was pregnant resulting in a miscarriage.

25.     After recognizing the plaintiff, three of the defendants, acting under color of law and in the scope of their employment, wrongfully, unlawfully, and without probable cause, stopped, detained, questioned, and unlawfully searched the plaintiff's person and purse.

26.    After unlawfully searching the plaintiff's purse and obtaining her identification, one or more of the defendants stated "I knew that was her" and "I told you that was her" and thereafter, the defendant police officers, acting under color of law and in the scope of their employment, wrongfully and unlawfully arrested and handcuffed the plaintiff for the stated reason of "Because you know who you are" and subsequently attacked, assaulted, battered and wrongfully imprisoned the plaintiff.

27.    Plaintiff was viciously assaulted and battered by arresting officer defendants, as well as additional defendants, after she was already fully restrained and handcuffed which resulted in personal physical injuries to the plaintiff including but not limited to fractured bone(s), plaintiff's bladder was caused to release as a result of being stomped upon, plaintiff sustained pain and suffering, emotional distress, and mental anguish, and necessarily required medical treatment.

28.    The aforesaid wrongful arrest, detainment, imprisonment, attack, assault and battery was carried out as retaliation and in an effort to intimidate and discourage the plaintiff from pursuing her prior federal lawsuit against members of the NYPD's 73rd Precinct, which was pending in the United States District Court for the Eastern District of New York, docket number 11-CV-3649 alleging that members of the 73rd Precinct had tasered the plaintiff in the abdomen while she was pregnant resulting in a miscarriage.

29.    Following the aforesaid injuries to the plaintiff, the defendants, conspiring and acting in concert, manufactured an internal police department "cover-up" of the incident in furtherance of plaintiff's wrongful arrest and imprisonment, in which the defendants asserted that the plaintiff had injured herself, despite plaintiff's injuries being

of a nature and type that could not have been sustained in the manner reflected in defendants manufactured reports.

30.     At all times mentioned herein, defendant THE CITY OF NEW YORK owned, operated, maintained, managed, directed, supervised and controlled the police department as part of and in conjunction with its municipal function.

31.     At all times mentioned herein, defendant THE CITY OF NEW YORK was responsible for the instruction, training, supervision and conduct of its Police Officers, sergeants, detectives, servants, agents, and/or employees.

32.     At all times mentioned herein, defendant THE CITY OF NEW YORK, employed the defendant police officers, sergeants, lieutenants, detectives, to work as a representatives of THE CITY OF NEW YORK.

33.     At all times mentioned herein, defendant THE CITY OF NEW YORK employed others involved in connection with or having knowledge of the subject incident as Police Officers, sergeants, detectives, lieutenants, captains, and/or personnel named herein as Police Officers "JOHN DOES" and/or "JANE DOES", said names being fictitious and presently unknown persons believed to be Police Officers and personnel of the New York City Police Department, to work as representatives of THE CITY OF NEW YORK.

34.     At all times mentioned herein, defendant THE CITY OF NEW YORK had the duty to ensure that the actions, activities and behavior of its said servants, agents, Police Officers, sergeants, detectives, lieutenants, captains, and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

35.     At all times mentioned herein, defendant THE CITY OF NEW YORK had the duty to ensure that the actions, activities and behavior of its said servants, agents, Police Officers, sergeants, detectives, lieutenants, captains, and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently cause injuries to others, including the Plaintiff herein.

36.     At all times mentioned herein, each of the defendants had the duty to ensure that their actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

37.     At all times mentioned herein, each of the defendants had the duty to conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently cause injuries to others, including the Plaintiff herein.

38.     At all times mentioned herein, each of the defendants had the duty to report all actions or conduct of themselves and/or other Police Officers, sergeants, detectives, lieutenants, captains and/or other employees acting in such a manner so as to intentionally, wantonly and/or negligently cause injuries to others, including the Plaintiff herein.

39.     On September 8, 2012, plaintiff SHAKEEBA GLENN was wrongfully and unlawfully stopped, detained, questioned, arrested, and taken into custody while she was lawfully present on a public sidewalk and/or thoroughfare in the County of Kings, City and State of New York in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America, as well as in violation of the New York State Constitution and the laws of the State of New York.

40.     On September 8, 2012, plaintiff SHAKEEBA GLENN was wrongfully and unlawfully stopped, detained, questioned, arrested, taken into custody, and then involuntarily removed from the public sidewalk and/or thoroughfare by the defendants in the County of Kings, City and State of New York to the New York City Police Department 73rd Precinct Stationhouse and wrongfully imprisoned in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America, as well as in violation of the New York State Constitution and the laws of the State of New York.

41.     On September 8, 2012, when plaintiff SHAKEEBA GLENN was taken into custody and involuntarily removed to the New York City Police Department 73rd Precinct Stationhouse, unnecessary, unlawful, and excessive physical force was exerted upon plaintiff SHAKEEBA GLENN by two or more of the defendant police officers, consisting of forcibly taking plaintiff into custody, grabbing, pulling and dragging plaintiff from the police vehicle onto the street and thereafter assaulting and battering plaintiff on the Stationhouse premises and causing injury to the plaintiff in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America, as well as in violation of the New York State Constitution and the laws of the State of New York.

42.     At all times mentioned herein, and on September 8, 2012, the aforementioned defendant Police Officers, sergeants, and/or detectives wrongfully, maliciously, wantonly, and intentionally, stopped, questioned, detained, arrested, attacked, assaulted, and battered plaintiff SHAKEEBA GLENN without any provocation and without any probable cause, reason, or justification therefor.

43.     On September 8, 2012, plaintiff SHAKEEBA GLENN was wrongfully and unlawfully arrested and detained at the 73rd Precinct of the New York City Police Department, in the County of Kings, City and State of New York in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America, as well as in violation of the New York State Constitution and the laws of the State of New York.

44.     By reason of the foregoing attack, the defendants caused plaintiff to sustain injuries, including but not limited to fractured bone(s), plaintiff's bladder was caused to release as a result of being stomped upon, plaintiff sustained pain and suffering, emotional distress, and mental anguish, and necessarily required medical treatment.

45.     By reason of the foregoing, the plaintiff has been damaged, and the defendants herein are liable to the plaintiff for compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS or as otherwise determined by a jury upon the trial of this action, with said amount exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein.

46.     By reason of the foregoing, the individual defendants acted maliciously and were guilty of wanton and willful disregard of the rights, well-being, and safety of the Plaintiff herein, and by reason thereof, the plaintiff demands exemplary and punitive damages in the sum to be determined by a jury upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (NEGLIGENCE; STATUTORY VIOLATION OF NEW YORK LAW;)

47.    Plaintiff, SHAKEEBA GLENN, repeats, reiterates, and realleges each and every preceding paragraph of this Complaint as though each paragraph were set forth fully and separately herein.

48.    On September 8, 2012, and prior thereto, the defendant, THE CITY OF NEW YORK, their servants, agents and/or employees, carelessly, negligently, and recklessly failed to adequately instruct, train, and supervise defendants Police Officers, sergeants, detectives, servants, agents, and/or employees.

49.    On September 8, 2012, and prior thereto, the defendant, THE CITY OF NEW YORK, their servants, agents and/or employees, carelessly, negligently, and recklessly failed to properly and adequately instruct, train, and supervise defendants Police Officers, sergeants, detectives, servants, agents, and/or employees in keeping persons in custody, such as the plaintiff, reasonably safe and secure.

50.    As a result of the failure of the defendant THE CITY OF NEW YORK, their servants, agents and/or employees to properly and adequately instruct, train, and supervise defendants Police Officers, sergeants, detectives, servants, agents, and/or employees in keeping persons in custody reasonably safe and secure, the plaintiff was not kept reasonably safe and secure, was attacked by defendants employees and sustained injuries.

51.    By reason of the foregoing, the plaintiff SHAKEEBA GLENN sustained serious personal physical injuries, including but not limited to fractured bone(s), pain and suffering, loss of enjoyment of life, mental anguish, emotional distress, and other medical conditions, which have resulted in the need for medical treatment, and said conditions and the need for medical will continue into the future, which injuries were

sustained by reason of the illegal, wanton, malicious, callous, careless, reckless, intentional, and/or negligent conduct of the defendants, and without any negligence on the part of the plaintiff, nor any provocation, cause, reason or justification therefor.

52.     The plaintiffs personal injuries, pain and suffering, loss of enjoyment of life, mental anguish, emotional distress, and other medical conditions, from the moment of this incident and continuing into the future, were all caused solely by reason of the carelessness, negligence, recklessness, and wanton and willful disregard on the part of each of the defendants named herein, and without any negligence on the part of the Plaintiff contributing thereto.

53.     Each and all of the acts of the defendants herein were done by the defendants, their servants, agents and/or employees, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York and the City of New York, and under the authority of their position as law enforcement officers of said City and State, including New York Corrections Law § 500, et seq.

54.     This action falls within one or more of the exceptions set forth in CPLR § 1602.

55.     Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR § 1601, by reason of the fact that the defendants owed the plaintiff a non-delegable duty of care.

56.     Pursuant to CPLR § 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss,

irrespective of the provisions of CPLR § 1601, by reason of the fact that the defendants acted with reckless disregard for the safety of others.

57.    Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR § 1601, by reason of the fact that said defendants are vicariously liable under the doctrine of respondeat superior for the negligent acts and omissions of each other and/or others who caused or contributed to the plaintiff's damages.

58.    Pursuant to CPLR § 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR § 1601, by reason of the fact that the defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

59.    By reason of the foregoing, the plaintiff has been damaged, and the defendants herein are liable to the plaintiff for compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS or as otherwise determined by a jury upon the trial of this action, with said amount exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein.

60.    By reason of the foregoing, the individual defendants acted maliciously and were guilty of wanton and willful disregard of the rights, well-being, and safety of the Plaintiff herein, and by reason thereof, the plaintiff demands exemplary and punitive damages in an amount to be determined by a jury upon the trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (ASSAULT AND BATTERY, EXCESSIVE FORCE)

61.     Plaintiff, SHAKEEBA GLENN, repeats, reiterates, and realleges each and every preceding paragraph of this Complaint as though each paragraph were set forth fully and separately herein.

62.     On September 8, 2012, while arresting the plaintiff SHAKEEBA GLENN, unnecessary, unlawful and excessive physical force was used by the defendants herein, constituting an assault and battery against the plaintiff by the defendants in violation of the Constitution of the United States of America, and the Constitution and laws of the State of New York.

63.     On September 8, 2012, while the plaintiff SHAKEEBA GLENN was unlawfully in the custody of the New York City Police Department at the 73rd Precinct, the plaintiff SHAKEEBA GLENN was the victim of excessive force at the hands of the defendants herein when she was wrongfully, maliciously, wantonly and intentionally assaulted and battered by the defendant Police Officers.

64.     At all times mentioned herein, and on September 8, 2012, the aforementioned defendant Police Officers, sergeants, and/or detectives wrongfully, maliciously, wantonly, and intentionally assaulted, battered plaintiff SHAKEEBA GLENN without any provocation and without any cause, reason, or justification therefor.

65.     The wrongful, malicious, wanton, and intentional assault and battery of the plaintiff SHAKEEBA GLENN, without any provocation and without any cause, reason, or justification therefore, carried out by the employees, servants, and/or agents of the defendants herein, unfairly and unlawfully violated the plaintiffs rights, and plaintiff hereby asserts claims against the defendants herein for unlawfully violating her rights

under the United States Constitution, particularly provisions relating to Civil Rights Violations under 42 U.S.C. § 1983 et seq., the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and the Constitution and Laws of the State of New York, Monell claims for supervisory liability, negligent hiring, training, retention, and excessive force by one or more New York City Police Officers, sergeants, and/or detectives.

66.     By reason of the foregoing, the plaintiff SHAKEEBA GLENN sustained serious personal physical injuries, including but not limited to fractured bone(s), pain and suffering, loss of enjoyment of life, mental anguish, emotional distress, and other medical conditions, which have resulted in the need for medical treatment, and said conditions and the need for medical will continue into the future, which injuries were sustained by reason of the illegal, wanton, malicious, callous, careless, reckless, intentional, and/or negligent conduct of the defendants, and without any negligence on the part of the plaintiff, nor any provocation, cause, reason or justification therefor.

67.     The plaintiffs personal injuries, pain and suffering, loss of enjoyment of life, mental anguish, emotional distress, and other medical conditions, from the moment of this incident and continuing into the future, were all caused solely by reason of the carelessness, negligence, recklessness, and wanton and willful disregard on the part of each of the defendants named herein, and without any negligence on the part of the Plaintiff contributing thereto.

68.     Each and all of the acts of the defendants herein were done by the defendants, their servants, agents and/or employees, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State

of New York and the City of New York, and under the authority of their position as law enforcement officers of said City and State.

69.     By reason of the foregoing, the plaintiff has been damaged, and the defendants herein are liable to the plaintiff for compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS or as otherwise determined by a jury upon the trial of this action, with said amount exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein.

70.     By reason of the foregoing, the individual defendants acted maliciously and were guilty of wanton and willful disregard of the rights, well-being, and safety of the Plaintiff herein, and by reason thereof, the plaintiff demands exemplary and punitive damages in an amount to be determined by a jury upon the trial of this action.


### AS AND FOR A FOURTH CAUSE OF ACTION
### (NEGLIGENT HIRING, TRAINING AND RETENTION)

71.     Plaintiff, SHAKEEBA GLENN, repeats, reiterates, and realleges each and every preceding paragraph of this Complaint as though each paragraph were set forth fully and separately herein.

72.     Defendant, THE CITY OF NEW YORK, was careless, reckless and/or negligent in the hiring, training, supervision, and retention of defendant employees, police officers, sergeants, detectives, lieutenants, captains.

73.     Defendant, THE CITY OF NEW YORK, was careless, reckless and/or negligent in the hiring, review and continued retention of the named defendant employees, police officers, sergeants, detectives, lieutenants, captains based upon their actions, conduct, applications, personnel files, and/or history of prior incidents.

74.     The aforesaid negligent hiring, training, supervision, and retention resulted in the aforesaid injuries and damages to the plaintiff and caused the unlawful violation of plaintiff's rights and defendants are liable to the plaintiff for said violations of the United States Constitution, the Constitution and Laws of the State of New York, Monell claims for supervisory liability, negligent hiring, training and retention.

75.     By reason of the foregoing, the defendants caused plaintiff to sustain injury, including but not limited to pain and suffering, emotional distress, and mental anguish.

76.     By reason of the foregoing, the plaintiff has been damaged, and the defendants herein are liable to the plaintiff for compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS or as otherwise determined by a jury upon the trial of this action, with said amount exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein.

77.     By reason of the foregoing, the individual defendants acted maliciously and were guilty of wanton and willful disregard of the rights, well-being, and safety of the Plaintiff herein, and by reason thereof, the plaintiff demands exemplary and punitive damages in an amount to be determined by a jury upon the trial of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

78.     Plaintiff, SHAKEEBA GLENN, repeats, reiterates, and realleges each and every preceding paragraph of this Complaint as though each paragraph were set forth fully and separately herein.

79.     The aforesaid wrongful, unlawful, malicious, wanton, and intentional conduct of the defendants against the plaintiff SHAKEEBA GLENN constituted extreme and outrageous conduct intended to cause the plaintiff severe emotional distress and injury.

80.     By reason of the foregoing, the defendants caused the plaintiff SHAKEEBA GLENN to suffer severe emotional distress and mental anguish as a result of their extreme and outrageous conduct.

81.     Each and all of the acts of the defendants herein were done by the defendants, their servants, agents and/or employees, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York and the City of New York, and under the authority of their position as law enforcement officers of said City and State.

82.     By reason of the foregoing, the plaintiff has been damaged, and the defendants herein are liable to the plaintiff for compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS or as otherwise determined by a jury upon the trial of this action, with said amount exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein.

83.     By reason of the foregoing, the individual defendants acted maliciously and were guilty of wanton and willful disregard of the rights, well-being, and safety of the Plaintiff herein, and by reason thereof, the plaintiff demands exemplary and punitive damages in an amount to be determined by a jury upon the trial of this action.

**WHEREFORE**, plaintiff demands judgment against the defendants, for compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS for

each cause of action, separately and individually, or as otherwise determined by a jury upon the trial of this action, with said amount exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein; and punitive damages in an amount to be determined by a jury upon the trial of this action on each cause of action, separately and individually, together with attorneys fees pursuant to 42 U.S.C. § 1988, and the costs and disbursements of this action, all with interest from the date of the occurrence.

Dated: October 17, 2014
      New York, New York

Submitted by:

SCHLEMMER & MANIATIS, LLP


BY: ___S/Paul N. Schlemmer____
    PAUL N. SCHLEMMER (PS4453)
Attorneys for Plaintiff
111 Broadway, Suite 701
New York, New York 10006
(212) 248-5060